IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FURTRANS DENIZCILIK TICARET VE SANAYI AS | § § § § § § § § § § § | C.A. No. G-10-<br>Filed Under Rule 9(h)<br>Fed. R. Civ. P.<br><br>(ADMIRALTY) |
| Plaintiff, | | |
| v. | | |
| AUGUSTA DUE S.R.L. | | |
| Defendant. | | |

**MEMORANDUM OF LAW IN SUPPORT OF ISSUANCE
OF ORDER OF MARITIME ATTACHMENT AND
GARNISHMENT UNDER FED. R. CIV. P. RULE B OF
THE SUPPLEMENTAL RULES FOR CERTAIN
<u>ADMIRALTY AND MARITIME CLAIMS</u>**

Michael K. Bell
Douglas J. Shoemaker
Attorneys for Plaintiff
BELL, RYNIKER & LETOURNEAU, P.C.
5847 San Felipe, Suite 4600
Houston, Texas  77057
TEL: 713-871-8822
FAX 713-871-8844

OF COUNSEL:
Jeremy J.O. Harwood
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

# **TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................................1

THE BASIC FACTS ...............................................................................................................1

    A.    THE CONTRACT ...................................................................................................1

    B.    THE NATURE OF THE DISPUTES UNDER THE CONTRACT .............1

ARGUMENT ...........................................................................................................................2

POINT I ...................................................................................................................................2

        THE COURT HAS ADMIRALTY JURISDICTION BECAUSE FURTRANS' CLAIM IS MARITIME UNDER THE SUBSTANTIVE LAW OF THE CONTRACT ...................................................................................2

POINT II ..................................................................................................................................3

        THE CONDITIONS FOR A RULE B ATTACHMENT EXIST ....................3

    A.    DEFENDANT CANNOT BE "FOUND" IN THIS DISTRICT PURSUANT TO RULE B ........................................................................................3

        1.  FIRST PRONG ...........................................................................................3

        2.  SECOND PRONG ......................................................................................3

POINT III .................................................................................................................................4

        BOTH THE CONTRACT AND THE CLAIMS UNDER IT GIVE RISE TO ADMIRALTY JURISDICTION ..............................................................4

        1.  APPLICABLE SUBSTANTIVE LAW DETERMINES WHETHER THE CONTRACT AND DISPUTE AT ISSUE IS MARITIME .............4

CONCLUSION ........................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.,
460 F.3d 434 (2d Cir. 2006) ...................................................................................................5

Bay Casino, LLC v. M/V Royal Empress,
20 F. Supp.2d 440 (S.D.N.Y. 1998) .......................................................................................3

Beluga Chartering GmBh v. Korea Logistics Systems Inc.,
589 F. Supp. 2d 325 (S.D.N.Y. 2008) ....................................................................................6

Bottiglieri di Navigazione SPA v. Tradeline LLC,
472 F. Supp.2d 588 (S.D.N.Y. 2007) .....................................................................................5

Castelan v. M/V MERCANTIL PARATI,
No. 91-1351, 1991 U.S. Dist. LEXIS 6472 (D.N.J. May 8, 1991)..........................................7

Exxon Corp. v. Central Gulf Lines, Inc.,
500 U.S. 603, 111 S. Ct. 2071, 114 L. Ed. 2d 649 (1991).................................................2, 4

Garcia v. M/V Kubbar,
4 F. Supp. 2d 99 (N.D.N.Y 1998)............................................................................................5

Ice Flake Maritime Ltd. v. Westcoast AS et al.,
No. 07 Civ. 2002, 2007 U.S. Dist. LEXIS 75677 (S.D.N.Y. Oct. 11, 2007) ..........................6

K/S Ditlev Chartering A/S & Co. v. Egeria S.p.A. di Navigazione,
1982 A.M.C. 1817 (E.D. Va. 1982) .......................................................................................4

Metron Communications, Inc. v. M/V Tropicana,
No. 89-2460-CIV, 1992 U.S. Dist. LEXIS 22613 (S.D.Fla. Mar. 6, 1992) ............................6

Nais Marine S.A. v. Trans Pacific Carriers Co. Ltd.,
No. 07 Civ. 10640, 2008 U.S. Dist. LEXIS 2438 (S.D.N.Y. Jan. 10, 2008).......................7, 8

Norfolk Southern Railway Co. v. James N. Kirby, Pty. Ltd.,
543 U.S. 14, 125 S. Ct. 385, 160 L. Ed. 2d 283 (2004).......................................................2, 4

OGI Oceangate Transp. Co. Ltd. v. BP Logistics PVT Ltd.,
No. 06 Civ. 9441, 2007 U.S. Dist. LEXIS 46841 (S.D.N.Y. Jun. 26, 2007) ..........................6

Padre Shipping Inc. v. Yong He Shipping et al.,
553 F. Supp.2d 328 (S.D.N.Y. 2008) .....................................................................................6

# TABLE OF AUTHORITIES
(continued)

| | Page |
|---|---|
| Penguin Maritime Ltd. v. Lee & Muirhead Ltd., 588 F. Supp. 2d 522 (S.D.N.Y. 2008) | 6 |
| People's Ferry Company of Boston v. Beers, 61 U.S. 393, 15 L. Ed. 961 (1857) | 2 |
| Precious Pearls Ltd. v. Tiger International Line Pte Ltd., et al., No. 07 Civ. 8325, 2008 U.S. Dist. LEXIS 58453 (S.D.N.Y. Jul. 31, 2008) | 6 |
| Seawind Compania, S.A. v. Crescent Line, 320 F.2d 580 (2d Cir. 1963) | 3 |
| Sonito Shipping Co. Ltd. v. Sun United Maritime Ltd., 478 F. Supp.2d 532 (S.D.N.Y. 2007) | 4, 5, 7 |
| Stolthaven Houston, Inc. v. RACHEL B, et al., No. 08 Civ. 4327, 2008 U.S. Dist. LEXIS 55723 (S.D.N.Y. Jul. 17, 2008) | 6 |
| T&O Shipping Ltd. v. Lydia Mar Shipping Co., 455 F. Supp.2d 310 (S.D.N.Y. 2006) | 5 |

**STATUTES AND RULES**

| | |
|---|---|
| 9 U.S.C. § 8 | 3 |
| 28 U.S.C. § 1333 | 2, 4 |
| F.R. Civ. P. Rule 9(h) | 2 |
| F. R. Civ. P. Rule 44.1 | 2 |

## INTRODUCTION

Plaintiff Furtrans Denizcilik Ticaret Ve Sanayi AS ("Furtrans") respectfully submits this memorandum of law in support of its emergency application pursuant to Supplemental Rule B to obtain an order of maritime attachment and garnishment under Supplemental Rule B of the Supplemental Rules of Fed. R. Civ. P. for Certain Admiralty and Maritime Claims ("Supplemental Rules").

Furtrans' claim is based on an English law contract for the construction of a vessel. Furtrans respectfully submits that the Court has admiralty jurisdiction as explained below.

## THE BASIC FACTS

### A.   THE CONTRACT

Furtrans, defined as "Contractor," entered into a contract dated December 7, 2007 (the "Contract"), with Augusta Due S.r.L. ("Augusta"), defined as "Purchaser." (A copy of the Contract is attached as part of Ex. A to the Declaration of Nicholas Vineall Q.C. dated September 14, 2010 ("Vineall Dec.") as part of the Notice of Foreign Law filed herein.) The Contract was for the construction of a vessel. The Contract is governed by English law.

### B.   THE NATURE OF THE DISPUTES UNDER THE CONTRACT

Furtrans claims for breach of the Contract. Augusta's defenses are described, in part, in Vineall Dec., ¶ 15 (Sea trials; alarm tests, engine tests classification certificates). The claim and defenses are to be determined in London maritime arbitration under the rules of the London Maritime Arbitrators' Association. Vineall Dec. ¶ 13.

## ARGUMENT

### POINT I

### THE COURT HAS ADMIRALTY JURISDICTION BECAUSE FURTRANS' CLAIM IS MARITIME UNDER THE SUBSTANTIVE LAW OF THE CONTRACT

The Complaint alleges admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and F.R. Civ. P. Rule 9(h) based on breach of a shipbuilding contract governed by English law which recognizes such a claim as "maritime." Vineall Dec. ¶ 31. Such contracts are not considered maritime contracts under U.S. general maritime law. See People's Ferry Company of Boston v. Beers, 61 U.S. 393, 402, 15 L. Ed. 961, 964 (1857).

More than a century after People's Ferry, the Supreme Court's decisions in Exxon Corp. v. Central Gulf Lines, Inc., 500 U.S. 603, 111 S. Ct. 2071, 114 L. Ed. 2d 649 (1991), and Norfolk Southern Railway Co. v. James N. Kirby, Pty. Ltd., 543 U.S. 14, 125 S. Ct. 385, 160 L. Ed. 2d 283 (2004), called for the reconsideration of outdated decisions that created *per se* rules which exclude certain kinds of contracts from admiralty jurisdiction. Instead, the focus must be on the purpose of the constitutional grant of admiralty jurisdiction, and it must be determined in each case whether the subject-matter of the contract is maritime, and/or the contract bears a substantial relation to maritime concerns and interests, and/or whether the parties' agreement was a maritime transaction. That vexed question does not arise here. As explained in the declaration of Nicholas Vineall, filed under notice of foreign law pursuant to Fed. R. Civ. P. Rule 44.1, breaches of ship-construction contracts give rise to claims that are considered maritime under English law. Vineall Dec. ¶ 31. English law governs the parties' substantive claims - not their procedural rights. The underlying claims and defenses to it are presently being

heard in a London maritime arbitration. Vineall Dec. ¶ 13. Furtrans seeks security for its claims in the maritime arbitration pursuant to Rule B and 9 U.S.C. § 8.

## POINT II

## THE CONDITIONS FOR A RULE B ATTACHMENT EXIST

Supplemental Rule B provides "[w]ith respect to any admiralty or maritime claim <u>in personam</u>" for attachment of "credits and effects in the hands of garnishees to be named in the process to the amount sued for, if the defendant <u>shall not be found within the district</u>." (emphasis added).

A.   **Defendant Cannot Be "Found" in this District Pursuant to Rule B**

There is a well defined two-prong test to determine whether a defendant can be "found" within a District: "First, whether (the respondent) can be found within the district in terms of jurisdiction, and second, if so, whether it can be found for service of process." <u>Seawind Compania, S.A. v. Crescent Line</u>, 320 F.2d 580, 582 (2d Cir. 1963). In this particular matter, defendant fails to meet both prongs of this test.

1.   First Prong

Being "found within the district" for jurisdictional purposes (the first prong) requires that the defendant "be engaged in sufficient activity in the district to subject it to jurisdiction even in the absence of a resident agent expressly authorized to accept process." <u>Id</u>. at 583. "[A] defendant corporation is found within [the] jurisdiction of a federal district court if in the recent past it has conducted substantial commercial activities in the district and will probably continue to do so in the future." <u>Bay Casino, LLC v. M/V Royal Empress</u>, 20 F. Supp.2d 440, 451 (S.D.N.Y. 1998).

2.   Second Prong

The second prong requires the defendant have an agent for service of process.

-3-

The burden of proving that a defendant can satisfy both prongs of the test after the plaintiff's initial showing that at least one of the conditions for the Rule B remedy applies lies with the defendant. As stated in K/S Ditlev Chartering A/S & Co. v. Egeria S.p.A. di Navigazione, 1982 A.M.C. 1817 (E.D. Va. 1982):

> Although [defendant] has thus established that it is found within the district for service of process, the law requires [defendant] to establish that it is also found within the district for the purposes of personal jurisdiction.

Id. at 1819 (citation omitted).

As shown in the supporting Rule B Affidavit of Douglas Shoemaker dated September 14, 2010, Defendant cannot be found in this District despite a diligent search.

## POINT III

### BOTH THE CONTRACT AND THE CLAIMS UNDER IT GIVE RISE TO ADMIRALTY JURISDICTION

#### 1. Applicable Substantive Law Determines Whether the Contract and Dispute at Issue is Maritime

As recalled in Exxon, 500 U.S. at 608, "[t]he fundamental interest giving rise to maritime jurisdiction is 'the protection of maritime commerce.'" (Quoting Sisson v. Ruby, 497 U.S. 358, 367, 110 S. Ct. 2892, 111 L. Ed. 2d 292 (1990) quoting Foremost Ins. Co. v. Richardson, 457 U.S. 668, 674, 102 S. Ct. 2654, 73 L. Ed. 2d 300 (1982)). The Contract is subject to English law and LMAA maritime arbitration in London. (Vineall Dec. ¶ 13).

Federal courts may exercise their maritime jurisdiction granted by section 1333 of title 28 of the United States Code if an action is based on a maritime contract. Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14, 23, 125 S.Ct. 385, 160 L.Ed. 2d 284 (2004) (a federal action can "be sustained under the admiralty jurisdiction by virtue of the maritime contracts involved.")

District Judge Haight considered in <u>Sonito Shipping Co. Ltd. v. Sun United Maritime Ltd.</u>, 478 F. Supp.2d 532, 536 (S.D.N.Y. 2007), Sun United's motion to vacate a Rule B attachment on the basis that Sonito had failed to satisfy the requirement, stated in <u>Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.</u>, 460 F.3d 434, 445 (2d Cir. 2006), of pleading a "valid prima facie admiralty claim against the defendant." Judge Haight held:

> The existence *vel non* of a valid maritime claim for purposes of a Rule B writ of attachment <u>turns upon the applicable substantive law, in this case the law of contract</u>. And that leads to a consideration of English law because, as noted *supra*, the parties agreed in the charter party that it "shall be governed by and construed in accordance with English law."

<u>Id</u>. at 536-37. [footnote omitted, emphasis added].

Judge Haight also observed, in a footnote: "a presently existing valid maritime claim under substantive English law is a prerequisite for Sonito's action in personam with writ of attachment under Rule B." 478 F.Supp. 2d at 537, n. 2 [emphasis added].

After reviewing various decisions in which the prematurity of an indemnity claim had led to vacatur of the attachment because the claim was "not ripe under English law"[1] or because that issue "will be decided under English law in the arbitration"[2] Judge Haight considered the "core question" which was "governed by English Law" and held that Sonito had not "carried its burden of showing at the time of the attachment it had a valid maritime claim …." <u>Id</u>. at 543.

Thus, "courts which find that foreign law applies in a maritime action must apply that law to determine if a valid maritime lien exists and an <u>in rem</u> proceeding may thereby continue." <u>Garcia v. M/V Kubbar</u>, 4 F. Supp. 2d 99, 103 (N.D.N.Y 1998).

---

[1] <u>Bottiglieri di Navigazione SPA v. Tradeline LLC</u>, 472 F. Supp.2d 588 (S.D.N.Y. 2007).

[2] <u>T&O Shipping Ltd. v. Lydia Mar Shipping Co.</u>, 455 F. Supp.2d 310, 316 (S.D.N.Y. 2006).

In <u>Ice Flake Maritime Ltd. v. Westcoast AS et al.</u>, No. 07 Civ. 2002, 2007 U.S. Dist. LEXIS 75677, at *1 (S.D.N.Y. Oct. 11, 2007), a defendant moved to vacate the Rule B attachment on the basis that the plaintiff did not have a valid admiralty claim for economic losses under U.S. law. Judge Castel held that, "without prejudging the choice of law analysis," the "Plaintiff has made a plausible claim that Norwegian law will apply and economic losses are recoverable under that jurisdiction's law if there is negligence ..." The attachment was upheld because "I comfortably conclude that the plaintiff has asserted a valid prima facie admiralty claim." Accord <u>Precious Pearls Ltd. v. Tiger International Line Pte Ltd., et al.</u>, No. 07 Civ. 8325, 2008 U.S. Dist. LEXIS 58453 (S.D.N.Y. Jul. 31, 2008) (failure to state a valid maritime claim under English law). See also <u>Penguin Maritime Ltd. v. Lee & Muirhead Ltd.</u>, 588 F. Supp. 2d 522 (S.D.N.Y. 2008) (plaintiff established a prima facie valid maritime claim under Indian law for breach of maritime contract and maritime tort); <u>Beluga Chartering GmBh v. Korea Logistics Systems Inc.</u>, 589 F. Supp. 2d 325 (S.D.N.Y. 2008) (defendant failed "to demonstrate any legal infirmity in Beluga's claim under either English or federal admiralty law."); <u>Stolthaven Houston, Inc. v. RACHEL B, et al.</u>, No. 08 Civ. 4327, 2008 U.S. Dist. LEXIS 55723 (S.D.N.Y. Jul. 17, 2008) (applying Norwegian and U.S. law to determine existence of a bare boat charter that deprived plaintiff of a valid maritime claim); <u>OGI Oceangate Transp. Co. Ltd. v. BP Logistics PVT Ltd.</u>, No. 06 Civ. 9441, 2007 U.S. Dist. LEXIS 46841, at *4 (S.D.N.Y. Jun. 26, 2007) ("[w]ithout an understanding of the applicable law, the Court is unable to determine whether [plaintiff] has made a prima facie claim."); <u>Padre Shipping Inc. v. Yong He Shipping et al.</u>, 553 F. Supp.2d 328, 333-34 (S.D.N.Y. 2008) (Plaintiff "has made a sufficient showing that Chinese law will govern and that the complaint states a valid maritime claim under that law." [citing <u>Ice Flake</u> and <u>Carbotrade</u>]); <u>Metron Communications, Inc. v. M/V Tropicana</u>, No. 89-

-6-

2460-CIV, 1992 U.S. Dist. LEXIS 22613, at *4, (S.D.Fla. Mar. 6, 1992) (disposition of in rem claim depended on whether Greek or American law applied to determine whether maritime lien existed); Castelan v. M/V MERCANTIL PARATI, No. 91-1351, 1991 U.S. Dist. LEXIS 6472, at *4, (D.N.J. May 8, 1991) (plaintiff had no maritime lien under English law, and therefore no right to proceed in rem).

In Nais Marine S.A. v. Trans Pacific Carriers Co. Ltd., No. 07 Civ. 10640, 2008 U.S. Dist. LEXIS 2438 (S.D.N.Y. Jan. 10, 2008), Nais' Rule B action was for $250,000 for estimated costs it expected to be awarded in defending a claim in London arbitration, for which it had provided security, including for "costs" in the same amount, in an earlier Rule B action by Trans Pacific, which had been dismissed upon the posting of security. Trans Pacific moved to vacate the attachment "on the ground that this Court has no subject matter jurisdiction over Nais's claim for costs and fees." Id. at *5. Trans Pacific argued that the "court lacks subject matter jurisdiction because Nais's claim is for legal defense costs and not a maritime claim" under English law. Id. at *7. Judge Leisure ruled that under neither English nor American law would Nais' "costs" claim be a "maritime claim" so that it "failed to meet its burden of showing that maritime or admiralty jurisdiction exists" so that the motion to dismiss for lack of subject matter jurisdiction was granted.

This body of case law, from one of the busiest Rule B district courts, is persuasive authority that this court while employing admiralty procedural rules, i.e. the Supplemental Rules, should determine whether the Rule B complaint alleges a valid maritime claim under the substantive law of the contract. For the reasons set out in the Vineall Declaration, the test is met here.

## CONCLUSION

Plaintiff respectfully requests that the Court order that issuance of an order of maritime attachment and garnishment under Supplemental Rule B and grant such other relief as is fair and equitable and as requested herein.

Dated:  Houston, Texas
        September 14, 2010

Respectfully submitted,

*/s/ Douglas Shoemaker*

**Michael K. Bell**
TBA No. 02081200
Fed. ID 5085
5847 San Felipe, Suite 4600
Houston, Texas  77057
TEL: 713-871-8822
FAX: 713-871-8844
Attorneys for Plaintiff
**FURTRANS DENIZCILIK TICARET VE SANAYI AS**

Of Counsel:
**Douglas J. Shoemaker**
TBA No.  00788406
Fed. ID 16854
**BELL, RYNIKER & LETOURNEAU, P.C.**

    and

Jeremy J.O. Harwood
**Blank Rome LLP**
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
TEL: 212-885-5149
FAX: 917-332-3720