IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| FURTRANS DENIZCILIK TICARET VE SANAYI AS,<br><br>    Plaintiff,<br><br>v.<br><br>AUGUSTA DUE S.R.L.,<br><br>    Defendant. | C.A. No. G-10-0370<br>Filed Under Rule 9(h)<br>Fed. R. Civ. P.<br><br>(ADMIRALTY) |

## SUPPLEMENTAL OPPOSITION MEMORANDUM OF LAW TO DEFENDANT'S REPLY MEMORANDUM

Jeremy J.O. Harwood
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Tel: 212- 885-5000
and
Michael K. Bell
Douglas J. Shoemaker
BELL, RYNIKER & LETOURNEAU, P.C.
5847 San Felipe, Suite 4600
Houston, Texas  77057
Tel: 713-871-8822
Fax: 713-871-8844

ATTORNEYS FOR PLAINTIFF

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................ 1

POINT I .................................................................................................................... 1

    THE CONVENTION PROVIDES AN INDEPENDENT BASIS FOR
    JURISDICTION ................................................................................................ 1

        A.   THE CONVENTION, AS A TREATY, IS THE SUPREME LAW
            OF THE LAND ........................................................................................ 2

        B.   THE CONVENTION INCORPORATES THE FAA, CHAPTER 1 ............. 2

POINT II ................................................................................................................... 3

    AUGUSTA HAS MIS-REPRESENTED THE HOLDING IN *VADEN*
    TO ARGUE THAT THE CONVENTION, DESPITE BEING A
    TREATY, DOES NOT BESTOW JURISDICTION ......................................... 3

POINT III .................................................................................................................. 5

    9 U.S.C. § 8 APPLIES TO THE PARTIES' CONTRACT ............................... 5

POINT IV .................................................................................................................. 6

    *UNICORN BULK TRADERS* DOES NOT ADDRESS THE SAME
    JURISDICTIONAL ARGUMENT ................................................................... 6

CONCLUSION ......................................................................................................... 7

## INTRODUCTION

Plaintiff FURTRANS DENIZCILIK TICARET VE SANAYI AS ("Furtrans") respectfully submits this supplemental opposition memorandum of law to address the reply brief of Defendant Augusta Due S.r.L. ("Augusta") dated September 23, 2010 ("Reply"). The Reply makes serious mis-statements of law which cannot be left uncorrected.

Furtrans maintains that, even absent Augusta's arguments relating to federal question jurisdiction under the New York Convention, 9 U.S.C. § 201 *et seq.*, ("Convention") this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333. Under English law, which indisputably applies to this case, Furtrans is suing on a maritime contract. Augusta chose to present no evidence to the contrary at this time. We respectfully submit that the parties fully briefed and addressed this argument at the hearing, and it sufficiently establishes this Court's jurisdiction without reference to Furtrans' alternative ground for jurisdiction, addressed herein.

Furtrans also asserts the Court's subject matter jurisdiction under 28 U.S.C. § 1331 because it specifically sought relief under 9 U.S.C. § 8 which is incorporated into and made part of the United States' enactment of the Convention by 9 U.S.C § 208. Augusta's Reply argues that the Convention does not provide jurisdiction. It also argues that *Unicorn Bulk Traders Ltd. v. Fortune Maritime Enterprises, Inc*, 2009 WL 125751 (S.D.N.Y. Jan. 20, 2009) deals a mortal blow to this contention. These arguments are wrong.

## ARGUMENT

### POINT I

#### THE CONVENTION PROVIDES AN INDEPENDENT BASIS FOR JURISDICTION

It should be undisputed that the Convention incorporates Chapter 1 Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"). *See* 9 U.S.C. § 208 ("Chapter 1 applies to actions and

1

proceedings brought under this chapter to the extent that chapter is not in conflict with this chapter or the Convention as ratified by the United States."). Among those provisions incorporated into the Convention is 9 U.S.C. § 8 which permits pre-award arrest or attachment. Augusta, at the hearing, asserted the irrelevance of Furtrans' reference to the July 7, 2006 UNCITRAL "Recommendation" which, *inter alia*, approves "enactment of domestic legislation, as well as case law, more favorable than the Convention ...." *See* Opp. Brief at 2-3. This demonstrates only Augusta's unfamiliarity with the Convention – not frailty in Furtrans' reasoning. Section 8 is "domestic legislation" which is "more favorable" than the Convention (which does not provide for arrest or attachment in aid of arbitration).

A. **The Convention, As A Treaty, Is The Supreme Law Of The Land**

In *Sedco v. Petroleos Mexicanos Mexican National Oil*, 767 F.2d 1140, 1149 (5th Cir. 1985), Judge Brown held that refusal to recognize the Convention would mean "the revocation of the United States' Treaty obligations with 65 nations[1]."

In *Safety National Casualty Corp. et al. v. Certain Underwriters at Lloyd's, et al.*, 543 F.3d 744 (5th Cir. 2008) *vacated and reh'g en banc granted* 558 F.3d 599 (5th Cir. 2009), 587 F.3d 714 (2009) Circuit Judge Clement, in concurring, held that the Convention is entitled to recognition as "'the Supreme Law of the Land' under the Supremacy Clause, U.S. Court, art. VI, cl 2." *Id.* at 735-36 (footnote omitted).

B. **The Convention Incorporates The FAA, Chapter 1**

In *Todd v. Steamship Mutual Underwriting Ass'n (Bermuda) Ltd.*, 601 F.3d 329, 332 (5th Cir. 2010) the Court recently held:

> The Convention's implementing legislation incorporates the entire FAA, at least to the extent that the FAA does not conflict with the

---

[1] Now some 148 nations.

2

Convention. *See* 9 U.S.C. § 208; *Yufuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 20 (2d Cir. 1997) (explaining that "the FAA and the Convention have 'overlapping coverage' to the extent that they do not conflict" (quoting *Bergesen v. Joseph Muller Corp.*, 710 F.2d 928, 934 (2d Cir. 1983)).

Moreover, in *E.A.S.T. of Stamford, Conn. V. M/V ALAIA*, 876 F.2d 1168, 1173 (5th Cir. 1989) the Court stated "We conclude that prejudgment attachment under Section 8 - as an aid to arbitration - is manifestly not inconsistent with the aims of the Convention."

Furtrans seeks and is entitled to relief pursuant to 9 U.S.C. § 8, which is incorporated into the Convention, and this Court has subject matter jurisdiction because the Convention so provides. *See* 9 U.S.C. § 203 (providing subject matter jurisdiction over all actions "falling under the Convention").

## POINT II

### AUGUSTA HAS MIS-REPRESENTED THE HOLDING IN *VADEN* TO ARGUE THAT THE CONVENTION, DESPITE BEING A TREATY, DOES NOT BESTOW JURISDICTION

Augusta asserts that "Plaintiff has mistakenly relied on *Vaden v. Discovery Bank, et al.*, 129 S. Ct. 1262 (2009), to support its argument that subject matter jurisdiction is proper." Reply at 3, ¶ 5. The Reply further accuses Furtrans of having "'cherry picked' language from [*Vaden*] to support its argument" of jurisdiction. Reply at 4, ¶7. It asserts that *Vaden* stands for the proposition that the Convention only provides independent subject matter jurisdiction "'to hear actions seeking to enforce an agreement or award falling under the Convention.'" Reply at 4, quoting *Vaden*, at 1272, n. 9 [emphasis by Augusta]. This assertion demonstrates a failure to understand that the Convention as a whole, as enacted by 9 U.S.C. § 201 *et seq.*, is part of the

United States' treaty obligations and has been recognized as such for decades by the Fifth Circuit. *supra*.[2]

Similarly, in its Reply, Augusta asserts:

> 5. Plaintiff has mistakenly relied upon *Vaden v. Discovery Bank, et al.*, 129 S. Ct. 1262 (2009), to support its argument that subject matter jurisdiction is proper. *Vaden* actually specifically notes that "[a]s for jurisdiction over controversies touching arbitration, however, the [**New York Convention**] is something of an anomaly in the realm of federal legislation: It bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis." *Id.* at 1272 (internal quotations and original alterations omitted) (*citing Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008); *Moses H. Cone Memorial Hospital*, 460 U.S. at 25, n. 32).

Reply at 3, ¶ 5 (emphasis added)

Augusta's insertion of the words "New York Convention" in its above quotation to replace Justice Ginsburg's use of her previous definition for the Federal Arbitration Act by the word "Act" fundamentally and improperly changes her holding. *Vaden* dealt *solely* with an attempt to compel a domestic arbitration under Section 4 of the "Act" – not an international arbitration agreement. *See*, 173 L.Ed.2d at 215. Justice Ginsburg cited *Hall Street* and *Moses H. Cone* for the proposition that the *Act* is an "anomaly" in <u>not</u> bestowing federal jurisdiction but she deliberately distinguished between the Act and "Chapter 2 of the FAA, not implicated here, [which] does expressly grant federal courts jurisdiction; ...". *Id.*, at 1272, n. 9.[3] Augusta's quotation from *Vaden* refers to "internal quotations and original alternations omitted" (Reply at

---

[2] At oral argument Augusta's counsel suggested that, irrespective of the provisions in the Convention, Section 8 is not part of it for jurisdictional purposes. This is mistaken.

[3] *Hall Street* dealt with Mattel's right to terminate its lease, which after a bench trial it agreed to arbitrate the landlord's clean up costs. The Convention was not mentioned. *Moses H. Cone* was also an entirely domestic hospital and construction contractor dispute not involving the Convention.

4

3, ¶ 5) without advising that it has also omitted the footnote where the clear jurisdictional distinction between the Act and the Convention is drawn.

Augusta's assertion that *Vaden*, based on *Hall* and *Moses Cone* stands for the proposition that "the [New York Convention] is something of an anomaly ... [i]t bestows no federal jurisdiction ..." (Reply, at 3) is an entirely incorrect argument.

## POINT III

### 9 U.S.C. § 8 APPLIES TO THE PARTIES' CONTRACT

9 U.S.C. § 8, at face value, seems to require independent admiralty jurisdiction. But the Second Circuit (favorable "case law") by Judge Learned Hand in *Murray Oil Products Co. v. Mitsui & Co. Ltd.*, 146 F.2d 381, 384 (2d Cir. 1944); *see* Opp. Brief at 3-4, stated:

> The statute [9 U.S.C. § 2] is confined to two kinds of claims: "maritime transactions," and transactions in interstate or foreign commerce. Since arbitration clauses are contracts, there will be few instances when the cause of action will not itself sound in contract. Maritime contracts are within the jurisdiction of the admiralty, interstate contracts usually are not. **We cannot conceive any reason for giving the remedy of attachment - and arrest - to the first class, and denying it to the second**; such a distinction would impute to Congress the merest whimsy, and that too, a whimsy which nothing in the text demands. A possible, and the only rational, explanation for § 8 is that it was adopted out of abundant caution, admiralty procedure being regarded as somewhat apart and esoteric . . . .

146 F.2d at 384. (emphasis added)

Augusta thundered that Furtrans had failed to provide a single case supporting its argument under Section 8 – entirely ignoring the three-step process here and *Murray Oil* in favor of a case, *Unicorn Bulk*, where the argument was never raised. While this action is one in admiralty for reasons explained in prior motion papers and at oral argument, even if this Court did not have admiralty jurisdiction, Furtrans is separately seeking attachment pursuant to the Convention (by virtue of its incorporation of 9 U.S.C. § 8), which gives rise to this Court's

5

subject matter jurisdiction under 9 U.S.C. § 203. And *Murray Oil* supports section 8's application to the parties' Contract which is clearly a "transaction... in foreign commerce"; irrespective of the applicable substantive law.

## POINT IV

### *UNICORN BULK TRADERS* DOES NOT ADDRESS THE SAME JURISDICTIONAL ARGUMENT

Augusta raises a straw-man argument by citing to *Unicorn Bulk Traders Ltd. v. Fortune Maritime Enterprises, Inc.*, 2009 WL 125751 (S.D.N.Y. Jan. 20, 2009). The case does not address jurisdiction pursuant to 9 U.S.C. § 8 via 9 U.S.C. § 208. Accordingly, the only potential ground for the Court's jurisdiction was admiralty jurisdiction. The Court rejected the plaintiff's alternative argument that jurisdiction was proper under the Convention.

Although Unicorn Bulk's first complaint dated November 10, 2008 asserted "federal question jurisdiction within the meaning of 28 [U.S.C.] § 1331" it made no mention of the Convention or 9 U.S.C. § 8.

After Unicorn Bulk had filed its[4] amended complaint, Unicorn Bulk claimed that:

> ... the Court has jurisdiction under the Convention on the grounds that it has now commenced arbitration ...; that its request for a Rule B attachment is a request for preliminary relief in aid of arbitration; and that the Amended Complaint's prayer for relief includes a request that the Court "recognize and confirm any foreign judgment or arbitration award rendered on the claims ... herein." (Pltf. Br. at 4).

Judge Gardephe held:

> First, contrary to Unicorn Bulk's assertion, it has not sought preliminary relief in aid of arbitration *under the Convention*. The only preliminary relief it has sought is a Rule B attachment, which is distinct from preliminary relief available under the Convention.

---

[4]  Unicorn Bulk's amended complaint is unavailable on PACER.

6

As explained above, Furtrans brought its claim under both Rule B <u>and</u> 9 U.S.C. § 8 *i.e.* under the Convention, a Convention remedy by virtue of its incorporation via 9 U.S.C. § 208. Thus Furtrans' action is one "falling under the Convention." 9 U.S.C. § 203. The Court in *Unicorn Bulk* did not have occasion to address this argument or *Murray Oil's* direction because Unicorn Bulk never argued it. Accordingly, while Augusta declined to show that there was not a valid maritime claim under the applicable English substantive law unless the Court first examined its jurisdiction it has failed to provide any grounds for dismissing this action for lack of subject matter jurisdiction. However, just as in an *in rem* case, if there is a valid maritime claim under applicable law then there is a basis for sustaining the Rule B attachment. It deliberately waived its argument in that regard.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Augusta's motion and grant such other relief as is fair and equitable and as requested herein.

Dated:     Houston, Texas
               September 27, 2010

                                                       Respectfully submitted,

                                                       <u>/s/ Jeremy J.O. Harwood</u>
                                                       Jeremy J.O. Harwood*
                                                       New York State Bar No. 2270387
                                                       **Blank Rome LLP**
                                                       The Chrysler Building
                                                       405 Lexington Avenue
                                                       New York, NY 10174-0208
                                                       TEL: 212-885-5149
                                                       FAX: 917-332-3720

                                                       * Admitted Pro Hac Vice

                                                       and

                                        **Michael K. Bell**
                                        TBA No. 02081200
                                        Fed. ID 5085
                                        **BELL, RYNIKER & LETOURNEAU**
                                        5847 San Felipe, Suite 4600
                                        Houston, Texas 77057
                                        TEL: 713-871-8822
                                        FAX: 713-871-8844

                                        Attorneys for Plaintiff
                                        **FURTRANS DENIZCILIK TICARET**
                                        **VE SANAYI AS**

Of Counsel:
**Douglas J. Shoemaker**
TBA No. 00788406
Fed. ID 16854
**BELL, RYNIKER & LETOURNEAU**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing instrument was served pursuant to Rule 5 of the Federal Rules of Civil Procedure on all counsel of record on this the 27th day of September, 2010, as follows:

William A. Durham, Esq.
Eastham, Watson, Dale & Forney, L.L.P.
20th Floor, Neils Esperson Building
808 Travis
Houston, Texas 77002

Attorney for Defendant
**AUGUSTA DUE S.R.L.**

                                        /s/ Douglas Shoemaker
                                        Douglas Shoemaker