IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FURTRANS DENIZCILIK TICARET VE SANAYI AS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. NO. 3:10-cv-00370 (ADMIRALTY) |
| AUGUSTA DUE S.R.L., | § § § | |
| Defendant. | § | |

**RESPONSE TO PLAINTIFF'S SUPPLEMENTAL OPPOSITION MEMORANDUM
OF LAW TO DEFENDANT'S REPLY MEMORANDUM**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Claimant, Augusta Due S.R.L. and files its Response to the Supplemental Opposition Memorandum of Law to Defendant's Reply Memorandum.

1.      Plaintiff has filed a Supplemental Opposition Memorandum of Law to Defendant's Reply Memorandum although the Court indicated that the parties should not file further briefing.   In the event the Court does not strike Plaintiff's Supplemental Opposition Memorandum of Law to Defendant's Reply Memorandum, Claimant files this response in order to clarify the issues which Plaintiff continually tries to confuse and obfuscate.

2.      Plaintiff now makes it clear that their attempted "admiralty jurisdiction" is based upon the application of English law to find U.S. subject matter admiralty jurisdiction.  Plaintiff has cited no case to support this proposition and in fact the law is clear that (1) foreign law cannot be used to determine U.S. subject matter jurisdiction, *Sosa v. M/V Lago Izabal*, 736 F.2d 1028, 1031 (5th Cir. 1984); and, (2) the parties cannot contract to create subject matter jurisdiction.  *U.S. v. Hazlewood*, 526 F.3d 862, 864 (5th Cir. 2008).

21,753: 0PCLH9136.WAD

3.      Again, Plaintiff still does not provide any case authority for its contention that the Convention or Federal Arbitration Act either taken separately or together create subject matter jurisdiction for the Court except in the limited circumstances of ordering parties to arbitration or enforcing an arbitral award under the Convention, 9 U.S.C. § 203.   Plaintiff contends that *Murray Oil Products Co. v. Mitsui & Co. Ltd*, 146 F.2d 381 (2nd Cir. 1944),  stands for a broad usage of 9 U.S.C. § 8 admiralty rights; however, *Murray Oil* was a decision issued in 1944 and the Convention on the enforcement of foreign arbitral awards did not come into effect until 1958. Obviously, the case could not stand for the proposition that the Convention broadens the application of 9 U.S.C. § 8 when the Court could not even consider what the Convention would say 14 years later.

4.      As Plaintiff continues to attempt to obfuscate the relationship between the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*) and the Convention (9 U.S.C. § 201, *et seq.*).   The argument appears to be that since 9 U.S.C. § 203 gives independent basis for jurisdiction and 9 U.S.C. § 208 incorporates the Federal Arbitration Act which includes pre-award attachment, Plaintiff is bootstrapping the jurisdictional basis.  The fallacy of this argument is that Plaintiff is not seeking relief under the Convention as <u>the Convention only provides jurisdiction to enforce an arbitration agreement or an award</u>.  There is no need to enforce an arbitration agreement as the parties are presently engaged in arbitration and there is no award to enforce.  Plaintiff is only seeking pre-judgment attachment which in the language itself of 9 U.S.C. § 8 specifies "admiralty jurisdiction" which as noted above does not exist in this case.  Plaintiff's sophistic, circular argument is internally flawed and the cases have dealt with it by determining that there is no independent jurisdiction as claimed by Plaintiff.

5.      Contrary to that which Plaintiff has alleged, Claimant does not only rely on *Unicorn Bulk Traders Ltd. v. Fortune Maritime Enterprises, Inc.*, C.A. No. 08 CIV. 9710, 2009 WL 125751 at *1 (S.D.N.Y. Jan 20, 2009), in support of this argument.  Obviously, Claimant disagrees with Plaintiff's twisted attempt to distinguish the case's clear holding.  Indeed, the Second Circuit also spoke to this exact issue in *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 n. 5 (2nd Cir. 1989) (finding that jurisdiction under the Convention does not exist unless "the party invoking its provisions ... seek[s] either to compel arbitration or to enforce an arbitral award.") (Please see as cited on page 3 of Claimant's Reply to Plaintiff's Memorandum of Law in Opposition to Claimant's Motion to Vacate Attachment for Lack of Subject Matter Jurisdiction).

WHEREFORE, PREMISES CONSIDERED, it is respectfully requested that the Court dismiss the above-captioned matter for lack of subject matter jurisdiction and for all other relief both in law and equity as Claimant may show itself to be justly entitled.

Respectfully submitted,

William A. Durham
State Bar No. 06281800
S.D.TX. Adm. ID No. 4172
Mary Holmesly
State Bar No. 24057907
S.D.TX. Adm. Id No. 890192
20th Floor, Niels Esperson Building
808 Travis
Houston, TX  77002
(713) 225-0905 – Telephone
(713) 225-2907 – Fax

*Attorneys for Claimant, Augusta Due S.R.L.*

OF COUNSEL:
EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I forwarded a true and correct copy of the foregoing instrument to the following counsel of record on this the 28th day of September, 2010.

Michael K. Bell
Douglas J Shoemaker
BELL, RYNIKER & LETOURNEAU P.C.
5847 San Felipe
Ste 4600
Houston, TX 77057
Fax: 713-871-8844
Email: *dshoe@brlpc.com*

Jeremy J.O. Harwood
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10 174-0208
Fax: 917-332-3720
Email: *JHarwood@BlankRome.com*

William A. Durham